**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **BURNS, MORRIS & STEWART LIMITED PARTNERSHIP,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Civil Action No. 9:04CV23 |
| **ENDURA PRODUCTS, INC.** | ) ) | Judge Clark |
| Defendant. | ) | |

**PLAINTIFF BURNS, MORRIS & STEWART'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO LIMIT OR EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, MR. WEIGLEIN**

Endura has filed a motion asking this Court to disallow testimony from BMS' expert witness., Mr. Robert Weiglein, at the hearing scheduled for April 26, 2005.

Endura's entire motion is premised upon a misunderstanding of the purpose for which Mr. Weiglein's testimony is to be offered.

It is axiomatic that the intrinsic record must be used to define disputed terms of a patent-in-suit. To that end, it is rarely permissible to use expert testimony for the purpose of fashioning definitions. Extrinsic evidence is that evidence which is external to the patent and file history, such as expert testimony, inventor testimony, dictionaries, and technical treatises and articles. "[W]here the patent documents are unambiguous, ***expert testimony regarding the meaning of a claim is entitled to no weight***." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1584 (Fed. Cir., 1996) (emphasis added). "Although expert testimony and declarations are useful to confirm that the construed meaning is consistent with the denotation ascribed by those in the field of art

… such extrinsic evidence *cannot be used to vary the plain language* of the patent document." Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1332 (Fed. Cir. 2003) (emphasis added).

Mr. Weiglein's testimony is limited to three purposes. He provides knowledge and background of the frame building industry; he is able to testify as to his opinion of the qualifications of one of skill in the art, and he will testify that the definitions proposed by BMS are consistent with how one of skill in the art would understand those terms.

BMS is not offering Mr. Weiglein as an expert to render *his own opinion* as to what the correct definitions of the disputed claims terms are. The briefs that have been filed in this manner adequately set forth BMS' position as to definitions and why BMS further thinks the definitions of Endura are incorrect. Testimony from experts as to their opinion of a definition is inappropriate extrinsic evidence. "Opinion evidence on claim construction should be treated with the utmost caution, for it is no better than opinion testimony on the meaning of statutory terms." Vitronics, at 1585.

At present, Mr. Weiglein is the only person who has rendered a declaration or report as to the qualifications of one skilled in the art.[1] Mr. Weiglein is a person who is at least as qualified as one skilled in the art and has substantial experience in the frame manufacturing business.

Endura's frustration in not obtaining answers to questions about which Mr. Weiglein was not expected to testify does not justify exclusion of Mr. Weiglein. Indeed their frustration stems not so much from Mr. Weiglein's answers but from Endura's inability or intent not to ask the right questions.

Endura's personal attacks lodged at BMS' attorneys for allegedly purposely keeping Mr. Weiglein in the dark so that he could be a surprise witness at the hearing are unfounded. As far

---

[1] Mr. Weiglein's declaration is in the record as Exhibit D to Plaintiff's Opening *Markman* brief.

as BMS is concerned, Mr. Weiglein's testimony on direct *will be* limited to that which was in his declaration. That testimony is wholly consistent with the disclosure provided in his declaration and anything beyond that would constitute impermissible and unnecessary extrinsic evidence.

Sierra Club v. Cedar Point Oil Co. Inc., 73 F.3d 546 (5th Cir. 1996) does not support exclusion of Mr. Weiglein. First of all, his testimony is important. The Court must construe the claim terms with an eye of someone skilled in the art. Smithkline Beecham Corp. v. Apotex Corp., 2005 U.S. App. LEXIS 5675, *16 – 17 (Fed. Cir. April 8, 2005) ("Unless the intrinsic evidence compels a contrary conclusion, the claim language carries the meaning accorded those words in the usage of skilled artisans at the time of invention."). Mr. Weiglein offers testimony about the qualifications of that hypothetical person.

Endura is not prejudiced by Mr. Weiglein's testimony. Indeed, Endura had a full five or more hours to explore those areas with Mr. Weiglein during his deposition. Moreover, even though it now claims prejudice, Endura did not have any difficulty using Mr. Weiglein's deposition testimony to support their own arguments. (see page 13 of Defendant's Claim Construction Response Brief, Doc. # 36). Thus, any claim of prejudice is without merit. Finally, contrary to Endura's assertion, BMS has not violated any discovery order. This Court's patent rules require disclosure of the subject matter of witnesses at the *Markman* hearing. Mr. Weiglein was disclosed as a person who would testify as follows:

> Plaintiff's expert will provide testimony that the definitions proposed by Plaintiff are consistent with the understanding of one skilled in the art. Plaintiff's expert will provide a background of the industry as well as provide an identity for one who would be skilled in the art.

This disclosure is not dissimilar to Endura's disclosure of its own witnesses and Endura did not object to this disclosure when the Prehearing Statement was submitted. After submission of his declaration and before the *Markman* hearing, Mr. Weiglein was made available for

deposition and he testified about these three topics.  Accordingly, there is no discovery abuse or abuse of the patent rules.

Because Mr. Weiglein will be offered to testify about that which is in his declaration and within the disclosure of the Prehearing Statement and because Endura's contentions that BMS or its attorneys have engaged in discovery shenanigans are wholly unfounded, the Court should permit Mr. Weiglein to testify at the April 26 *Markman*  hearing on behalf of BMS.

Respectfully submitted,

Dated: April 22, 2005   By:   /s/F. Michael Speed, Jr.
Jeffrey S. Standley, Ohio Bar No. 0047248
F. Michael Speed, Jr. Ohio Bar No. 0067541
STANDLEY LAW GROUP LLP
495 METRO PLACE SOUTH, SUITE 210
DUBLIN, OHIO 43017
(614) 792-5555
(614) 792-5536 FAX
jstandley@standleyllp.com
mspeed@standleyllp.com
Trial Attorney for Plaintiff, BURNS, MORRIS & STEWART LIMITED PARTNERSHIP

Local Counsel to Plaintiff, BURNS, MORRIS & STEWART LIMITED PARTNERSHIP
Claude E. Welch
115 West Shepherd Avenue
P.O. Box 1574
Lufkin, TX 75902-1574
(936) 639-3311
(936) 639-3049 FAX
welchlawoffice@txucom.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing **PLAINTIFF BURNS, MORRIS & STEWART'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO LIMIT OR EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, MR. WEIGLEIN** was electronically filed using the Court's CM/ECF system which will send e-mail notification to the following:

Mr. Charles A. Burke
Ms. Ana D. Johnson
Mr. Robert D. Mason
Womble Carlyle Sandridge & Rice PLLC
One West Fourth Street
Winston-Salem, NC 27101

Mr. Jack B. Hicks
Womble Carlyle Sandridge & Rice PLLC
300 North Greene Street
Suite 1900
Greensboro, North Carolina 27401

Mr. Frank D. Calvert
Mr. Michael K. Eaves
SPAIN CALVERT & EAVES
Beaumont Tower
2615 Calder Avenue
Suite 1070
Beaumont, TX 77702

/s/ F. Michael Speed, Jr.
F. Michael Speed, Jr.