# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

**BURNS, MORRIS & STEWART**
**LIMITED PARTNERSHIP,**

**Plaintiff,**

**v.**

**Civil Action No. 9:04CV23**

**ENDURA PRODUCTS, INC.,**

**Judge Ron Clark**

**Defendant.**

---

## DEFENDANT ENDURA'S CLOSING ARGUMENT AT CLAIM CONSTRUCTION HEARING

**Note: The Power Point slides have been supplemented since the hearing to include citations to Defendant's Exhibit Appendices**

# BMS did not invent putting a piece of durable material on the lower end of a door jamb

In the past, once water or termite damage has caused a portion of the frame to decay, that portion of the frame was replaced . . . A craftsman would cut out the decayed portion and replace it with another wood or plastic section.

*'209 Patent*, Col 1, lines 57 - 62

# DURABLE LOWER PORTION OF CONSTRUCTION COMPONENT

**U.S. Patent 5,553,438 to Hsu**

**Circa 1994**

**Defendant's Intrinsic Evidence Appendix p. 175**



# DURABLE LOWER PORTION OF CONSTRUCTION COMPONENT



**Thermoplastic material (5)**

**Butt end surface (6)**

# Durable Piece Attached to Bottom of Door Jamb With Screws

## JP186 – Circa 1992

Defendant's Extrinsic Evidence Appendix Vol I pp. 59-71



**Screw holes**

# Durable Piece Attached to Bottom of Door Jamb With Screws

## Headrick '814 Patent

### Circa 1991

**Defendant's Extrinsic Evidence Appendix Vol I, pp. 50-58**

**Plastic End Cap Underlies Side Jamb**



FIG 1

# Etymology of "Integrally Formed"

**Form**:  (*verb*) 1a: ==to give form or shape to:== frame, construct, make fashion *<the skilled craftsman forms and finishes the rough stone to a thing of beauty>* . . .

2a: ==to give a particular shape to:== shape, mold, or fashion into a certain state or condition or after a particular model . . .

8: to bend or stretch (metal) to ==conform to the shape of a die or other tool.==

*Webster's Third New International Dictionary* (unabridged) © 1986

# Intrinsic Record on "Formed"

**One side jamb 1 includes a suitable number of hinge recesses 4** <mark>**formed**</mark> **in it to mount hinges . . .**

*'209 Patent*, **Col. 2, lines 28 - 29**

<mark>**"formed" hinge recess 4**</mark>



# Intrinsic Record on "Formed"

The wood portions 6 are **formed** from a number of smaller wood pieces 6a-6g . . . The wood pieces 6a-6g are **formed** from what originally were pieces of scrap lumber which have been processed or recycled to remove imperfections, such as knots, bark or uneven surfaces . . .

*'209 Patent*, Col 2, lines 35 - 42

# Etymology of "Integrally Formed"



# Etymology of "Integrally Formed"

– (1a) **of, relating to, or serving to form a whole** : **essential to completeness** : **organically joined or linked.**

*Webster's Third New International Dictionary* (unabridged) © 1986

- (1a) **essential to completeness** <an integral part of the curriculum>

*Merriam Webster's Collegiate dictionary* © 1991

# Etymology of "Integrally Formed"

– (1c) **formed as a unit with another part**

*Webster's Third New International Dictionary* (unabridged) © 1986

- (1c) **formed as a unit with another part
<a seat with integral headrest>**

*Merriam Webster's Collegiate dictionary* © 1991

# "Integrally Formed"

**seat with an _integral_ headrest**



# "Integrally Formed"

*seat with a
non-integral headrest*




# Intrinsic Record on "Integrally Formed"

"These small pieces are then finger jointed at their ends and joined end to end to produce a ==single long piece,== which is used to produce the door frame."

*'209 Patent; Col 1, lines 46 – 48*

the claimed invention does not involve treating wood . . . *Instead, ==the lower portion of the side jams is ==replaced== with a non-wood durable material.*

*'943 Patent, File History IEA, pp. 61 – 62*

# NEW MATTER

## BMS Made Unauthorized Amendments to Its Specification

**The parent disclosure teaches connecting the upper and lower 'portions' with an end-to-end glue joint.**

**There is no mention, discussion or allusion anywhere in the Parent '943 Patent Specification to:**

**• 'mechanical' connections; or**

**•  'metal' or any type of connection between portions involving metal such as  - - screws, nails, staples, nuts, bolts, or any similar type of mechanical fastener**

# NEW MATTER

---

## BMS Made Unauthorized Amendments to Its Specification

### '943 Patent – Summary of the Invention

The wood pieces and durable portions are connected end to end with a glued finger joint to assemble the door frame.

### '209 Patent – Summary of the Invention

The wood pieces and durable portions are connected end to end with a glued finger joint *or other mechanical connection* to assemble the door frame.

# NEW MATTER

---

**BMS Made Unauthorized
Amendments to Its Specification**

## '943 Patent – Summary of the Invention

Hinge recesses and strike plate mountings
are provided.

## '209 Patent – Summary of the Invention

Associated hardware may also be added.

# NEW MATTER

## BMS Made Unauthorized Amendments to Its Specification

BMS relies exclusively on the new matter improperly inserted into the '209 Patent specification to support a broad construction of integrally formed that includes metal and mechanical fasteners such as screw, nails, and staples.

# PTO PRACTICE & PROCEDURE

**Federal Statute**:  "No amendment shall introduce new matter into the disclosure of the invention." 35 U.S.C. § 132(a)

**Federal Regulation**:  "No new matter may be introduced into an application after its filing date." 37 C.F.R. § 1.53.

**Manual of Patent Examining Procedure**:  "any substitute page of the specification, or entire specification, filed must be accompanied by a statement indicating that no new matter was included."   MPEP 608.01(q).

# PTO PRACTICE & PROCEDURE

**Three Steps Required to Amend a Specification after Filing Date**

1. **Notify PTO and <u>Ask Permission</u> for Entry of Amendment.**

2. **Furnish a "<u>Marked-Up Copy</u>" showing all proposed additions and deletions.**

3. **Furnish an <u>Affirmative Representation</u> that no "New Matter" has been added.**

**BMS did none of the above**

# PTO PRACTICE & PROCEDURE

**The responsibility of bringing new matter to the attention of the PTO Examiner is on the applicant.**

"There is <u>no obligation on the examiner</u> to make a detailed comparison between the old and the new specifications for determining whether or not new matter has been added."

MPEP 608.01(q)

# CONSTRUING NEW MATTER

- **Claims should be construed to preserve their validity.**

    *Rhine v. Casio, Inc.*, **183 F.3d 1342, 1345 (Fed. Cir. 1999)**

- **The new language should, if possible, be construed ==conservatively== in order to preserve the validity of the patent.**

- **If the newly added language, construed conservatively, ==expands upon the original disclosure,== then this case is resolved quickly on summary judgment of invalidity.**

# Extrinsic Patents using "Integrally Formed"

**March 3, 1959**　　　　　J. G. ERKKILA　　　　　**2,875,481**

DOOR SILL

Filed Oct. 5, 1956

*Fig.1*



# Extrinsic Patents using "Integrally Formed"

**March 3, 1959**      J. G. ERKKILA      **2,875,481**

DOOR SILL

Filed Oct. 5, 1956



*Fig. 1*

**Integrally formed Rectangular shaped base 'portion' 11**

# Extrinsic Patents using "Integrally Formed"

March 3, 1959

J. G. ERKKILA

2,875,481

DOOR SILL

Filed Oct. 5, 1956

**Integrally formed tread 'portion" 16**

*Fig. 1*

**Integrally formed Rectangular shaped base 'portion' 11**

# Extrinsic Patents using "Integrally Formed"

**March 3, 1959**          J. G. ERKKILA          **2,875,481**

DOOR SILL

Filed Oct. 5, 1956



**Integrally formed tread 'portion" 16**

**Integrally formed Step 'portion' 18 and nailing flanges 20 & 21**

**Integrally formed Rectangular shaped base 'portion' 11**

# BMS HAS TAKEN INCONSISTENT POSITIONS BEFORE ANOTHER TRIBUNAL

**BARON & WARREN**
INTELLECTUAL PROPERTY
PATENTS · TRADE MARKS · DESIGN RIGHTS · LICENSING

19 SOUTH END
KENSINGTON
LONDON W8 5BU

Tel:    +44 (0) 20 7937 0294
Fax:   +44 (0) 20 7937 4786
E-mail: patents@baron-warren.co.uk
Internet: www.baron-warren.co.uk

CHARTERED PATENT AGENTS
EUROPEAN PATENT ATTORNEYS
TRADE MARK ATTORNEYS

The European Patent Office                                          19 May  2004
Directorate General 2
Erhardtstraße 27
D-80298 MÜNCHEN 2
GERMANY

**FAX/CONFIRMATION**

Dear Sirs,

Re:    EP Application No. 98918360.3
        Burns, Morris & Steward Limited Partnership
        Our ref: ARW/IC: 34015

This is in reply to the Official Letter dated 12th December 2003.

The objection raised in Paragraph 1, namely that independent claims 1 and 7 lack novelty in view of GB-A-2,112,437 (D4), has been carefully considered, but is strongly contested.    It is respectfully submitted that the Examiner has not properly appreciated the teaching of D4.    D4 discloses a door frame with adjustable jambs wherein the height of the door frame may be varied by means of

> **Contrary to the Examiner's contention that D4 teaches that the upper and lower portions are integrally formed, D4 teaches that the extensions (whether feet or threshold plates) are removable.**

and upright member (1), there would be no reason to use an extension. Therefore, the extensions are optional components that are not necessary to complete the door frame. As the extensions are optional components, they cannot be fairly said

1

# The "D4" Reference in the European Case

**Defendant's Extrinsic Evidence Appendix Vol I, pp. 89-93**



**Top jamb**

**Side jamb**

**Sill**

*FIG. 1.*

# Page 2 – letter to European Patent Office

to be either necessary or indispensable.  Accordingly, it cannot be fairly said that the upper and lower portions are integrally formed   where the lower portions are merely optional components that are not necessary to complete the door frame and its intended purpose.  Each of Applicant's side jambs is defined by an consists of pre-assembled permanently interconnected upper and lower portions; it is not a side jamb to which an extension is (removably) attached on site.

It is therefore a fact that claims 1 and 7 are novel in view of D4.

With regard to Paragraph 2, since independent claims 1 and 7 are believed to be novel for the reasons given above, the dependent claims are also believed to be novel.

With regard to the first sub paragraph of Paragraph 3, existing claims 1 and 7 also clearly involve an inventive step with respect to D4, and to the other documents cited in the previous Official Letter.

It is requested that the Examiner reconsider the objection raised in the second sub paragraph of Paragraph 3.  It is believed that it will be apparent from the foregoing discussion of D4 that claims 1 and 7 meet unity of invention requirements.   Both claims clearly define the novel and inventive integrated construction of the (or each) side jamb.

With regard to Paragraph 4, no amendment is believed to be necessary to the description.

It is believed that the application is in order for grant. However, in the event that the Examiner has any further objections he is requested to issue a further invitation under Article 96(2) EPC, or telephone the undersigned to discuss any such objections, before reaching a decision on this application.

Yours faithfully,

A.R. WARREN

# Page 2 – letter to European Patent Office

> **Each of Applicant's side jambs is defined by and consists of pre-assembled permanently interconnected upper and lower portions; it is not a side jamb to which an extension is (removably) attached on site**

With regard to the first sub paragraph of Paragraph 3, existing claims 1 and 7 also clearly involve an inventive step with respect to D4, and to the other documents cited in the previous Official Letter.

It is requested that the Examiner reconsider the objection raised in the second sub paragraph of Paragraph 3. It is believed that it will be apparent from the foregoing discussion of D4 that claims 1 and 7 meet unity of invention requirements. Both claims clearly define the novel and inventive integrated construction of the (or each) side jamb.

With regard to Paragraph 4, no amendment is believed to be necessary to the description.

It is believed that the application is in order for grant. However, in the event that the Examiner has any further objections he is requested to issue a further invitation under Article 96(2) EPC, or telephone the undersigned to discuss any such objections, before reaching a decision on this application.

Yours faithfully,

A.R. WARREN

# End of Presentation